### JONATHAN SECOR *against* GEORGE WEBB.

The wife of a party to the record, is competent to prove to the court the loss of a written instrument, out of her custody, preparatory to the admission of secondary evidence of its contents.

The opposite party may then be received to rebut such proof, but not to show that such instrument never existed.

ASSUMPSIT on a due-bill, alleged to have been made by the defendant to the plaintiff.

The due-bill in question was averred, by the plaintiff, to be lost, and, after proof in chief of its existence, the wife of the plaintiff, in whose custody it had been, was offered as a witness to prove such loss, to the court, to justify the introduction of secondary evidence.

The wife was objected to, as incompetent to testify in favor of her husband.

*Anthon e contra.* 16 Johns. 193 ; 2 Rev. Stat. 406, sec. 74.

JONES, C. J.   This is evidence offered to the court to es-

tablish the loss of the instrument preparatory to the intro-
duction of evidence of its contents.  It is well established
that, for this purpose, the judge may admit the evidence
of an interested witness, or of the party to the suit.  Here
it is said the wife had the custody of it.  She is, therefore,
the best witness the nature of the case admits.  The rule
of social policy, which shuts out the testimony of the wife
in ordinary cases, does not apply.

The wife then proved the loss of the due-bill, and there-
upon the defendant's counsel offered the defendant as a wit-
ness to prove that he had never made such due-bill, on the
authority of 2d Rev. Stat. 406.

JONES, C. J.  The statute allows him to disprove the loss,
and nothing more.  The plaintiff could not be received to
prove its existence; he had to establish that fact by testi-
mony *aliundi*, and from parity of reasoning the defendant
is not admissible to prove its non-existence.(1)

Verdict for plaintiff.

(1) "Whenever a party to an action shall have been permitted to prove,
by his own oath, the loss of any instrument in order to admit other proof of
the contents thereof, the adverse party may also be examined by the court,
on oath, to disprove such loss, and to account for such instrument." 2 R. S.
406, sec. 74.

The rule that the party himself, out of whose possession the instrument
has been lost, may *ex necessitate* prove that fact, is a well established ancient
rule, and as this evidence is addressed only to the presiding judge to enable
him to say whether secondary evidence shall be admitted for the considera-
tion of the jury, perhaps it would have been always deemed a safe exercise
of discretion to hear what the opposite party might, on his oath, allege in
opposition to the fact of loss.  There seems, however, no case in the books
wherein such testimony has been offered or admitted.  The revisors, in intro-
ducing the above section, remark: The practice, as now firmly established,

Secor v. Webb.

The defendant applied to the court for a new trial, upon the above grounds, but it was denied.

*Anthon*, for plaintiff.

*Staples*, for defendant.

allows a party to the action, to prove the loss of an instrument by his own oath. In cases of notes and other evidences of debt, the only receipt which the debtor often thinks it necessary to take, is the destruction of the instrument. In such cases, and in many others, the oath of the opposite party may explain the apparent loss. At all events, it seems but just to afford the same opportunity to both parties equally to be examined on oath.